UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN S. EDWARDS,<br><br>                   Plaintiff,<br><br>       -against-<br><br>THE HANOVER INSURANCE GROUP,<br><br>                  Defendant. | 20-CV-0459 (JGK)<br><br>TRANSFER ORDER |

JOHN G. KOELTL, United States District Judge:

The plaintiff, a resident of Arizona, brings this action *pro se* and also paid the filing fee to initiate this action. He invokes the Court's diversity jurisdiction under 28 U.S.C. § 1332(a)(1). The plaintiff alleges that he was involved in an automobile accident in Dearborn, Michigan, and that thereafter the defendant, Hanover Insurance Group, committed fraud on a court in Wayne County, Michigan to obtain dismissal of a lawsuit brought by the plaintiff in which the plaintiff sought to obtain benefits for injuries caused in the accident. The plaintiff sues the Hanover Insurance Group, a Massachusetts corporation with its corporate offices in Boston, Massachusetts. For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of Michigan.

## DISCUSSION

Under the general venue provision, a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. 28 U.S.C. § 1391(c)(1). For venue purposes, a defendant corporation resides

"in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . ." 28 U.S.C. § 1391(c)(2). Where a state has more than one judicial district, a defendant corporation "shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." 28 U.S.C. § 1391(d).[1]

The plaintiff filed this complaint regarding events occurring in Wayne County, Michigan. The plaintiff states that the defendant is incorporated under the laws of Massachusetts with its corporate headquarters in Boston, Massachusetts. He further alleges that the defendant does business in Michigan and operates a claims center in Liverpool, Onondaga County, New York, which is in the Northern District of New York. It does not appear that the claims in the complaint arise out of any activities or business that the defendant conducted in the Southern District of New York. Because the plaintiff does not allege facts that suggest that the defendant would be subject to personal jurisdiction in the Southern District of New York were it a state, or that a substantial part of the events or omissions underlying his claim arose in this District, venue does not appear to be proper in this District under Section 1391(b)(1) and (d) or Section 1391(b)(2).

In any event, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-427 (S.D.N.Y. 2013) ("Courts have an

---

[1] In a state with multiple districts, if there is no such district, "the corporation shall be deemed to reside in the district within which it has the most significant contacts." 28 U.S.C. § 1391(d).

independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n. Inc. v. OSHA.*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that the "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under § 1404(a), transfer is appropriate in this case. The underlying automobile accident occurred in Dearborn, Michigan, and the  plaintiff's claims of fraud arise from a state-court judicial proceeding in Detroit, Michigan. Dearborn and Detroit are located in Wayne County, Michigan, which falls within the Eastern District of Michigan. *See* 28 U.S.C. § 102(a). Venue is

therefore proper in the Eastern District of Michigan. *See* 28 U.S.C. § 1391(b). Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the Eastern District of Michigan. 28 U.S.C. § 1404(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of Michigan. The Clerk of Court is further directed to transmit a copy of this order to the plaintiff and note service on the docket.[2] A summons shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 22, 2020
         New York, New York                    /s/ John G. Koeltl
                                               _____
                                               JOHN G. KOELTL
                                               United States District Judge

---

[2] Plaintiff has consented to receive electronic service of Court filings. (ECF No. 3.)